RAYMOND W. BROWN,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV212-029

LUKE COLEMAN; HARRIET SIRMON;
ERICA F. CAGLE; and JIM HELTON,

    Defendants.

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Plaintiff Raymond W. Brown ("Plaintiff") filed an action pursuant to 42 U.S.C. § 1983. Plaintiff also filed an Application to Proceed in forma pauperis. A plaintiff seeking to proceed in forma pauperis must comply with the mandates of 28 U.S.C. § 1915, which states, in part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915(e)(2)(B)(ii). In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490.

AO 72A
(Rev. 8/82)

Plaintiff alleges that Luke Coleman, Harriet Sirmon, and Erica F. Cagle have told him that if he possesses a firearm or goes near children then they will put him in prison. Plaintiff asserts that Coleman, Sirmon, and Cagle have violated his Second, Fifth, Fourteenth, and Thirteenth Amendment rights as a result of their warnings. Plaintiff alleges that Jim Helton published Plaintiff's name, picture, and address as a convicted sex offender in the Tribune and Georgian newspaper. Plaintiff asserts that Helton should not have published that information because Plaintiff is not a convicted sex offender. Plaintiff names as Defendants: Coleman, Sirmon, Cagle, and Helton.[1]

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff fails to make any allegations that Defendant Helton was a person acting under color of state law at any time. Additionally, Plaintiff has not shown how Defendant Helton's actions of publishing Plaintiff's name, picture, and address as a convicted sex offender violated any of his constitutional rights. "[C]laims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983

---

[1] Plaintiff also states that his arrest and detention in 1988 were in violation of the Eighth, Thirteenth, Fourth, Fifth, and Fourteenth Amendments, but he does not specify who was responsible for that arrest and detention. His Complaint could be read to name Coleman and Sirmon as the responsible parties. (Doc. No. 1, p. 2–3). However, even if Plaintiff intended to allege a violation of his constitutional rights against Coleman and Sirmon in relation to his 1988 detention, Plaintiff's claims are time-barred by the two-year statute of limitation applicable to his cause of action. See Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). See also Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003).

2

civil rights action." Charles v. Scarberry, 340 F. App'x 597, 599–600 (11th Cir. 2009) (citing Paul v. Davis, 424 U.S. 693 (1976)). Plaintiff has failed to meet both prongs of the Hale test; as a result, Plaintiff has failed to state a claim under § 1983 against Defendant Helton.

Plaintiff fails to allege any constitutional violation by Defendants Coleman, Sirmon, or Cagle. Plaintiff's only allegation is that these Defendants have warned him to not possess a firearm and to stay away from children. Even if Defendants' warnings are construed as threats, the Court of Appeals for the Eleventh Circuit has stated that "verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)). Therefore, the harm Plaintiff alleges does not rise to the level of a constitutional violation.

## CONCLUSION

Plaintiff's Application to Proceed in forma pauperis is **DENIED**. Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 7th day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE