IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

RAYMOND W. BROWN,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV212-029

LUKE COLEMAN; HARRIET SIRMON;
ERICA F. CAGLE; and JIM HELTON,

    Defendants.

## ORDER

Plaintiff Raymond W. Brown ("Plaintiff") filed an Objection to the Magistrate Judge's Report dated February 7, 2012, which recommended that Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, be dismissed. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

In his Objection, Plaintiff states that "[t]he only ground raise in [t]he Magistrate Judge's order and Report and Recommendation was [t]hat [t]he Defendant's [sic] did not "[p]hysically" violate any of Raymond W. Brown constitutional right." (Doc. No. 7, p. 1). In support of his claim that his constitutional rights were violated, Plaintiff states that Defendant Luke Coleman put him in jail in June 2011.

Contrary to Plaintiff's assertion, the Magistrate Judge never stated that his recommendation was based on a lack of physical violation of Plaintiff's constitutional rights by the Defendants. Instead, the Magistrate Judge addressed only the claims

asserted in Plaintiff's Complaint: (1) that Luke Coleman, Harriet Sirmon, and Erica F. Cagle have told him that if he possesses a firearm or goes near children then they will put him in prison and (2) that Jim Helton published Plaintiff's name, picture, and address as a convicted sex offender in the Tribune and Georgian newspaper. The Magistrate Judge correctly determined that Plaintiff failed to make any allegations that Defendant Helton was a person acting under color of state law at any time and that "claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action." Charles v. Scarberry, 340 F. App'x 597, 599–600 (11th Cir. 2009) (citing Paul v. Davis, 424 U.S. 693 (1976)). The Magistrate Judge also correctly determined that Plaintiff's only allegation against Defendants Coleman, Sirmon, and Cagle, that they warned him to not possess a firearm or go near children, does not rise to the level of a constitutional violation because "verbal abuse alone is insufficient to state a constitutional claim." Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) (citing Edwards v. Gilbert, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989)). The undersigned agrees with the Magistrate Judge's recommendation of dismissal because Plaintiff has failed to state a claim against any Defendant.

To the extent that Plaintiff attempts to state a claim, in his Objection, against Defendant Coleman in relation to the alleged jailing of Plaintiff in June 2011, Plaintiff again fails to state a claim upon which relief may be granted. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the

United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Plaintiff states that he was placed in jail by Defendant Coleman in June 2011, in violation of his Thirteenth, Fourth, Fifth, and Fourteenth Amendment rights. Plaintiff provides only this conclusory allegation supported by no facts showing a short and plain statement of a claim that would entitle him to relief.

Plaintiff's Objection to the Magistrate Judge's Report and Recommendation is without merit and is **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's Complaint is **DISMISSED**.

SO ORDERED, this 28 day of February, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA